UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PETER CUMMINGS (#505980)                                           CIVIL ACTION

VERSUS

NINETEENTH JUDICIAL DISTRICT COURT               NO. 12-0424-BAJ-RLB

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, this ____14th____ day of March, 2013.

RICHARD L. BOURGEOIS, JR.
MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PETER CUMMINGS (#505980)                                    CIVIL ACTION

VERSUS

NINETEENTH JUDICIAL DISTRICT COURT                          NO. 12-0424-BAJ-RLB

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner, Peter Cummings, challenges his convictions and sentences, entered pursuant to a guilty plea in 2011 in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana. He challenges the resulting 25-year sentence, complaining that he was provided with ineffective assistance of counsel inasmuch as his trial attorney, inter alia, pressured and/or coerced him to plead guilty and failed to file an appeal. In addition, he asserts that his guilty plea was not knowing and voluntary and that the trial court failed to honor the terms of the negotiated plea agreement.

Upon a review of the petitioner's application, it appears that he pled guilty on January 4, 2011, and was thereafter sentenced, on May 26, 2011, to 25 years in confinement. He did not perfect an appeal. Accordingly, his conviction became final on June 25, 2011, thirty days after sentencing, upon the passage of the time allowed for such appeal. La. Code Crim. P. art. 914; Roberts v. Cockrell, 319 F.3d 690 (5th Cir. 2008) (recognizing that a conviction "becomes final when the time for seeking further direct review in the state court expires").

On or about December 7, 2011, the petitioner apparently filed a motion in the state district court, seeking to obtain a copy of his sentencing transcripts. This motion was apparently granted on January 17, 2012. The petitioner implicitly acknowledges, however, that he did not file an application for post-conviction relief relative to the claims asserted in this proceeding, and he

explicitly acknowledges that he has not proceeded to the Louisiana Supreme Court in connection with any of the issues asserted herein.

On or about June 19, 2012, the petitioner filed the instant habeas corpus proceeding in this Court. Based upon the foregoing, the Court concludes that the petitioner's claims are not properly before the Court. Specifically, based upon the petitioner's assertions in the record, it is clear that he has failed to exhaust state court remedies relative to his claims as mandated by 28 U.S.C. § 2254(b) and (c). Pursuant to this statute, a claimant seeking habeas corpus relief in federal court is required to first exhaust state court remedies regarding his claims by presenting them for review before the courts of the state in which he is confined. The exhaustion requirement is satisfied only when the petitioner's claims have been properly presented to the state's highest court, either on direct review or on post-conviction attack. Ruiz v. Quarterman, 460 F.3d 638 (5th Cir. 2006), cert. denied, 549 U.S. 1283, 127 S.Ct. 1815, 167 L.Ed.2d 326 (2007). As a general rule, federal habeas corpus relief is available on a habeas petition only when all of the claims in the petition have been exhausted through the state courts. Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

A district court may notice on its own motion a petitioner's failure to exhaust state court remedies. Wilson v. Foti, 832 F.2d 891 (5th Cir. 1987), citing McGee v. Estelle, 722 F.2d 1206 (5th Cir. 1984)(en banc). In the instant case, it appears clear from a review of the petitioner's assertions that he has not exhausted state court remedies relative to the claims asserted herein. Specifically, he acknowledges that he did not file a direct appeal from the referenced conviction, and it is clear that he has not raised the instant claims in an application for post-conviction relief in the state district court and has not pursued these claims before the Louisiana Court of Appeal for the First Circuit and the Louisiana Supreme Court. Accordingly, the petitioner has failed to exhaust state court remedies relative to the claims asserted herein, and his application in this Court is subject to dismissal for this reason.

Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although the petitioner has not yet filed a notice of appeal, the Court may address whether he would be entitled to a certificate of appealability. See Alexander v. Johnson, 211 F.3d 895 (5th Cir. 2000). A certificate of appealability may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. In cases where the Court has rejected the petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). In the instant case, the Court finds that reasonable jurists could not debate the denial of the petitioner's § 2254 application, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). Accordingly, it is appropriate that, in the event that the petitioner seeks to pursue an appeal in this case, a certificate of appealability should be denied.

RECOMMENDATION

It is recommended that the petitioner's application for habeas corpus relief be dismissed, without prejudice, for failure to exhaust state court remedies as mandated by 28 U.S.C. § 2254(b) and (c). It is further recommended that, in the event that the petitioner seeks to pursue an appeal, a certificate of appealability be denied.

Baton Rouge, Louisiana, this 14th day of March, 2013.

RICHARD L. BOURGEOIS, JR.
MAGISTRATE JUDGE