UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**PETER CUMMINGS**  CIVIL ACTION

**VERSUS**

**19TH JUDICIAL DISTRICT COURT, PARISH OF EAST BATON ROUGE, STATE OF LOUISIANA, ET AL.**  NO.: 12-00424-BAJ-RLB

## RULING AND ORDER

Before the Court is a **Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1)**, filed by Petitioner Peter Cummings ("Cummings"), seeking an order from this Court releasing him from the custody of the Louisiana Department of Public Safety and Corrections[1], on the ground that he is in custody in violation of the United States Constitution.

On March 14, 2013, United States Magistrate Judge Richard L. Bourgeois, Jr. issued a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), recommending that Cummings' application for habeas corpus relief be dismissed, without prejudice, for Cummings' failure to exhaust state court remedies, as required by 28 U.S.C. § 2254(b) and (c). (Doc. 7.)

---

[1] According to the record, Cummings is currently incarcerated at the Jackson Parish Correctional Center located in Jonesboro, Louisiana.

The Magistrate Judge's Report and Recommendation specifically notified Cummings that, pursuant to 28 U.S.C. § 636(b)(1), he had fourteen (14) days from the date he received the Report and Recommendation to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. (Doc. 7, p. 1.)

A review of the record indicates that Cummings did not file a memorandum in opposition to the Magistrate Judge's Report and Recommendation. The record further indicates that the Report and Recommendation, which was forwarded to Cummings at his address of record, was returned to the Court as undeliverable, with a notation on the envelope that indicates that the envelope was "refused." (Doc. 8.)

Pursuant to Local Rule 41.2, the failure of a pro se litigant to keep the Court apprised of a change of address may constitute cause for dismissal for failure to prosecute when a notice has been returned to the Court for the reason of an incorrect address, and no correction has been made to the address for a period of thirty (30) days. In such instance, the imposition of a sanction against the petitioner is appropriate, and a sanction less severe than dismissal is neither feasible nor warranted. Indeed, if the Court were to impose a less severe sanction, there would be no means by which to give the petitioner notice of the sanction. A sanction which is unknown to the sanctioned party and cannot be enforced is no sanction at all.

Having carefully considered Cummings' motion, the Magistrate Judge's Report, the record, and the applicable law, the Court concludes that the Magistrate Judge's Report is correct, and hereby adopts its findings of fact, conclusions of law, and recommendation. In the alternative, the Court concludes that Cummings' Petition is dismissed for his failure to prosecute. *See* L.R. 41.2.

Accordingly,

**IT IS ORDERED** that the **Magistrate Judge's Report and Recommendation (Doc. 7)** is **ADOPTED** as the Court's opinion herein.

**IT IS FURTHER ORDERED** that Peter Cummings' **Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1)** is **DISMISSED WITHOUT PREJUDICE**, for Cummings' failure to exhaust state court remedies, as mandated by 28 U.S.C. § 2254(b) and, in the alternative, for Cummings' failure to prosecute, in contravention of Local Rule 41.2.

**IT IS FURTHER ORDERED** that in the event that Cummings seeks to pursue an appeal in this matter, a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that Cummings' **Writ of Mandamus (Doc. 6)** which seeks the issuance of a Writ of Mandamus, is hereby **DENIED AS MOOT**.

Baton Rouge, Louisiana, this 26th day of July, 2013.

*[signature]*

_____
**BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**